# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 2:09-CR-130 |
| | )       2:11-CV-283 |
| DANNY R. KAWZINSKI, | ) |
|   a.k.a. JOHNNY A. KAWZINSKI, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the following motions filed by Defendant, Danny Kawzinski: (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on August 8, 2011 (DE #69); and (2) Motion for Modification of Sentence, filed on October 28, 2011 (DE #75). For the reasons set forth below, the motions are **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability.

BACKGROUND

On October 21, 2009, defendant, Danny R. Kawzinski, a.k.a. Johnny A. Kawzinski ("Kawzinski"), was charged in an eight count

-1-

Superseding Indictment with the following crimes: Count 1 – being a felon in possession in violation of Title 18 U.S.C. section 922(g)(1); Counts 2 and 3 – distribution of marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. section 841(a)(1); Count 4 – possession with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. section 841(a)(1); Count 5 – falsely representing information related to a Social Security account number in violation of Title 42 U.S.C. section 408(a)(7)(B); Count 6 – using, without lawful authority and in relation to a felony offense, a means of identification of another person in violation of Title 18 U.S.C. section 1028A(a)(1); and Counts 7 and 8 – knowingly and willfully making false and fictitious material statements and representations in filling out federal forms in violation of Title 18 U.S.C. section 1001.

On January 6, 2010, Kawzinski entered into a written plea agreement[1] with the Government, whereby Kawzinski agreed to plead guilty to Counts 2, 3, 4, 5, 7 and 8 of the Superseding Indictment.[2]   In exchange for Kawzinski's guilty pleas, the Government agreed to request dismissal of Counts 1 and 6 at

---

[1] The written plea agreement is found at DE #26.

[2] Counts 2, 3, 4, 5, 7, & 8 each carry a maximum possible penalty of 5 years imprisonment, followed by 3 years supervised release.

sentencing.[3]  For his part, Kawzinski agreed to waive his right to appeal the conviction and sentenced imposed, including the right to contest any claim of ineffective assistance of counsel unless the claimed ineffective assistance related directly to the waiver or its negotiation.   In exchange, the Government agreed to make a non-binding recommendation to the Court that Kawzinski receive a reduction for acceptance of responsibility.  However, the written plea agreement made clear that if Kawzinski denied "involvement in the offense or relevant conduct" or gave "conflicting statements" regarding the same, the Government would not be obligated to recommend such reduction.   Furthermore, the written agreement clearly noted that both parties "reserve[d] the right to argue to the Court what sentence each party believes is appropriate as to each count . . . and all relevant conduct thereto."   The plea agreement was signed by Kawzinski, his attorney, John Martin ("Attorney Martin"), and the attorney for the Government.

A change of plea hearing[4] took place on January 7, 2010. During that hearing, Kawzinski was placed under oath, and he confirmed that he was satisfied with the representation he had received by Attorney Martin.  Kawzinski acknowledged that he wanted to plead guilty to Counts 2, 3, 4, 5, 7 and 8 of the Superseding

---

[3] Count 1 carries a maximum possible penalty of 10 years imprisonment, while Count 6 carries a statutory mandatory 2 years sentence of imprisonment which "shall" run consecutive to any other sentence of imprisonment imposed.

[4] The transcript for the change of plea hearing is found at DE #62.

Indictment because he was, in fact, guilty of each of those Counts. The Court questioned Kawzinski as to each Count, Kawzinski indicated that he and Attorney Martin went over each statute and Count at issue, that he had no questions, and that he wished to plead guilty pursuant to the plea agreement. Kawzinski confirmed on numerous instances that he understood he was waiving his right to appeal his conviction and sentence. The Court had the following colloquy with Kawzinski regarding the appeal waiver:

> Q. Okay. Let's talk about subparagraph E. Subparagraph E, Mr. Kawzinski, talks about appeals. Do you understand that in all criminal cases, a defendant has a right to appeal his conviction and/or sentence in a case?
>
> A. Yes, sir.
>
> Q. In this case, you have acknowledged that I have the jurisdiction and authority to sentence you up to the maximum provided for by the statute.
>
> A. Yes, sir.
>
> Q. Do you recall you and I talked about that? That's five years per count, a fine of up to $250,000, or a combination of both of those, up to three years of supervised release, and a $100 special assessment. Do you understand that?
>
> A. Yes, sir.
>
> Q: What you're basically doing in this paragraph, Mr. Kawzinski, is that you're giving up all of your rights to an appeal either the manner in which you are found guilty or any sentence that you may receive. Do you understand that?
>
> A: Yes, sir.
>
> Q. For all practical purposes, that's all of your rights to an appeal. You do have some that you can't give up like jurisdiction. But for all practical purposes, you are giving up all of your rights to an appeal. Do you understand

```
                that?
        A.      Yes, sir.
        . . .
        Q.      Do you want to talk to your attorney?
        A.      Please.
        Q.      You may.
        A.      I understand, sir.
        Q.      Are you in agreement with that?
        A.      Yes, sir.
        Q.      So down the road, if you don't like any
                of the rulings or any ruling that I may
                make, or if you don't like the sentence
                that you're receiving in this case,
                you're not going to be able to tell Mr.
                Martin you want to appeal. You will have
                given that right up. Do you understand
                that?
        A.      Yes, sir.
        Q.      Do you have any questions about this?
        A.      No, sir.
        Q.      Did you discuss it fully with your
                attorney?
        A.      Yes, sir.
        Q.      Are you making this decision knowingly
                and voluntarily?
        A.      Yes, sir.
        Q.      Anybody force you to do it?
        A.      No, sir.
        Q.      And, again, do you have any questions
                about it?
        A.      No, sir.
        Q.      Are you asking me to approve this as part
                of your plea agreement?
        A.      Yes, sir.
```

When asked directly about the terms of his plea agreement,
Kawzinski confirmed that no one, "including [his] own lawyer, or
any lawyer for the Government, any Government agent or anyone else
made any other or different promise or assurance to [him] of any
kind in an effort to induce or cause [him] to enter a plea of
guilty in this case." Kawzinski further confirmed that no one,
"including [his] own lawyer . . . attempted in any way to force

[him] to plead guilty in this case."

Kawzinski's sentencing hearing was originally scheduled for March 18, 2010, and, upon motion by Attorney Martin, was continued to April 14, 2010. On March 15, 2010, Attorney Martin filed a motion to withdraw from representation, citing to a substantial breakdown in the attorney-client relationship. The Court held a hearing on the matter on March 18, 2010.[5] After placing Kawzinski under oath, the Court informed him that he could fire Attorney Martin at any time but that he would not be guaranteed another attorney. The Court offered to give Attorney Martin and Kawzinski time to discuss matters off the record, and Kawzinski indicated that he would like to have such a conference. However, before the recess was taken to accommodate the discussion, Kawzinski stated that "due to some of the other things done in this case, including a gun charge that wasn't real and an aggravated identity theft thing that didn't turn out exactly right, I'm very suspicious about anything that would tie up the Court any longer of this nature." A recess was then held. After Attorney Martin and Kawzinski returned, Kawzinski indicated that he wished to withdraw the motion and, when asked whether he was "fully satisfied with the counsel, representation and advice given to you in this case by [Attorney] Martin up to this point," he responded in the affirmative. The Court then confirmed that the sentencing hearing was to proceed as

---

[5] The transcript for the motion hearing is found at DE #38.

-6-

scheduled.

On April 13, 2010, the contested sentencing hearing began but did not conclude due to the voluminous amount of evidence and testimony presented by the Government. On August 3, 2010, the sentencing hearing resumed and the parties presented almost four hours of additional testimony and arguments. The Court took the matter under advisement, and, on September 9, 2010, ruled on the outstanding objections to the Presentence Investigation Report.[6] The Court found that the Government established, by a preponderance of the evidence, that Kawzinski constructively possessed dangerous weapons and ammunition on April 29, 2009, and that those weapons and ammunition were connected to the instant drug offenses. The Court next found that Kawzinski falsely denied or frivolously contested such relevant conduct at the hearing on March 18, 2010, when he stated, under oath, that the gun charge "wasn't real." Additionally, the Court evaluated Kawzinski's demeanor overall and concluded that he had not accepted responsibility or demonstrated truthfulness or genuine remorse. The Court stated that Kawzinski did not appear to recognize the wrongfulness of his conduct but rather insisted on blaming others and making excuses for his behavior. As such, the Court found that Kawzinski was not entitled to a reduction for acceptance of responsibility. Finally, the

---

[6] The transcripts for the various sentencing related hearings are found at DE's #45, #61, and #63.

Court concluded that, based on all of the credible testimony and evidence presented, the enhancement for the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification applied because Kawzinski used his deceased brother's name and birth certificate to obtain a Social Security card/number and later used that information to obtain additional identification cards.

Based on these findings, the Court determined that the applicable Guideline was a Level 14, with a criminal history category of II, which called for a sentence of 18 to 24 months imprisonment followed by 2 to 3 years of supervised release. However, in light of all of the evidence and testimony presented throughout the various hearings and after considering the applicable sentencing factors, the Court ultimately sentenced Kawzinski to 36 months on each of Counts 2, 3, 4, 5, 7 & 8 of the Superseding Indictment to be served concurrently, followed by a 3 year term of supervised release. As the Government correctly points out, this total sentence is less than the 5 year statutory maximum that Kawzinski faced on any one particular count.

Kawzinski has filed the instant section 2255 motion setting forth 16 grounds for relief; many of these grounds overlap and are repetitive. The Government responded and contends that the majority of Kawzinski's claims are barred by the appellate waiver contained in the written plea agreement and that those claims not

specifically barred are without merit. Kawzinski replied to the
Government's response. He also subsequently filed a motion he
entitled "Motion for Modification of Sentence" in which he asks the
Court to again clarify and/or modify his sentence.


DISCUSSION

Section 2255 Motion

Habeas corpus relief under 28 U.S.C. section 2255 is reserved
for "extraordinary situations." *Prewitt v. United States*, 83 F.3d
812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus
motion pursuant to 28 U.S.C. section 2255, a federal prisoner "must
show that the district court sentenced him in violation of the
Constitution or laws of the United States or that the sentence was
in excess of the maximum authorized by law or is otherwise subject
to collateral attack." *Id.*

In assessing Kawzinski's motion, the Court is mindful of the
well-settled principle that, when interpreting a *pro se*
petitioner's complaint or section 2255 motion, district courts have
a "special responsibility" to construe such pleadings liberally.
*Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir.
1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "[*p*]ro se
complaint, 'however inartfully pleaded,' must be held to 'less
stringent standards than formal pleadings drafted by lawyers'")
(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279

F.3d 742, 746 (9th Cir. 2002) ("*pro se* habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> the mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.*


Preclusive Effect of Plea Agreement Waiver

Kawzinski's plea agreement contains an appeal waiver, in which Kawzinski has agreed to waive appeal of his conviction and sentence.  A "[w]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Sumner*, 265 F.3d 532, 537 (7th Cir. 2001).  The Seventh Circuit has consistently stated that valid appellate waivers are to be upheld.  *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997).  "For an appeal waiver to be valid, it must be express and unambiguous, and

the record must clearly demonstrate that it was made knowingly and voluntarily." *Id*. at 632 (citations and internal quotation marks omitted). When deciding the validity of an appeal waiver, courts may look to the language of the plea agreement as well as the colloquy at the plea hearing. *Id*. See also *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) ("Most waivers are effective when set out in writing and signed.").

Specifically with regard to a section 2255 motion, the Seventh Circuit has held that a waiver to file such motion contained in a plea agreement is enforceable if the waiver itself is: (1) knowing and voluntary; and (2) if the defendant cannot establish a claim for ineffective assistance of counsel in connection with negotiating the agreement. *Mason v. United States*, 211 F.3d 1065, 1068-69 (7th Cir. 2000); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999). As such, it must be determined if Kawzinski waived his rights knowingly and voluntarily and whether he has established a claim for ineffective assistance of counsel in connection with negotiating the agreement.

*Kawzinski Entered Into the Waiver Knowingly and Voluntarily*

Courts enforce a plea agreement's waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may

consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917–18 (7th Cir. 2001).

Kawzinski's plea agreement contains the following waiver provision:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Kawzinski and his lawyer both signed the plea agreement, and it is undisputed that the waiver itself is clear and unambiguous. During the change of plea hearing, at the Court's prompting, Kawzinski read the waiver provision to himself. Furthermore, upon questioning from the Court, Kawzinski agreed under oath that he had previously read the waiver with his attorney, that he understood

it, and that he agreed with it.  As noted in more detail above, the Court explained the terms of the waiver in open court, noting that Kawzinski was "giving up all of [his] rights to an appeal either the manner in which [he was] found guilty or any sentence that [he would] receive," and Kawzinski confirmed that he made the decision to waive those rights knowingly and voluntarily and that no one forced him to do so.  He further indicated he had no questions about the waiver.

Following the Court's careful explanation of the consequences of pleading guilty, a factual basis was set forth for Kawzinski's guilty plea, he agreed with the prosecution version of the facts, and he pleaded guilty.  The Court then found that the plea was entered knowingly and voluntarily and supported by an independent basis in fact containing each of the essential elements of the offense.

From this evidence, the Court is satisfied that the appeal waiver is enforceable.  See *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).  Because Kawzinski knowingly and voluntarily entered into the plea agreement, and because all of its provisions -- including the waivers -- were explained to him at the change of plea hearing without any requests for further clarification or disagreement, he is bound by it.

*Kawzinski Has Not Made a Valid Claim of Ineffective Assistance of Counsel in Connection with Negotiating the Agreement*

-13-

Given this Court's finding that the waiver provision in his plea agreement is enforceable, Kawzinski's section 2255 motion must fail unless Kawzinski points directly to ineffective negotiation that would have rendered the entire plea agreement invalid or fundamentally unfair for the Court to enforce. Kawzinski argues that Attorney Martin was ineffective in several respects, and the Court will address each relevant claim in turn below.[7]

Because counsel is presumed effective, a defendant bears a heavy burden in proving that his attorney rendered ineffective assistance. *United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir. 1991). "Only if the petitioner comes forward with 'specific acts or omissions of his counsel that constitute ineffective assistance' will [the Court] then consider 'whether these acts or omissions were made outside the wide range of professionally competent assistance.'" *Hutchings v. Unites States*, 618 F.3d 693, 697 (7th Cir. 2010) (citing *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). A claim for ineffective assistance of counsel can only prevail if the defendant satisfies the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Id*. at 696. Under this test, a defendant must show: (1) that his attorney's performance

---

[7] As noted in the background section above, Kawzinski offers many other arguments and grounds for relief, but none of them relate to the voluntariness of the waiver or the negotiation of the plea agreement, so the Court need not address these claims. Furthermore, to the extent that Kawzinski complains of this Court's conduct, those issues were addressed and rejected by the Judicial Council of the Seventh Circuit. See No. 07-12-90012 (April 23, 2012).

was deficient (i.e. that the representation fell well below an objective standard of reasonableness); and (2) that the deficiency caused the defendant to be prejudiced (i.e. in the plea agreement context, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different). *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the case]. *Strickland*, 466 U.S. at 694.

Kawzinski first claims that Attorney Martin was ineffective because he "knew [he] was not guilty of [Count 5] and convinced [him] to sign and take the plea bargain he called, 'a really good deal.'" He states that he wishes to withdraw his plea as to Count 5 and "proceed with trial." He argues that Attorney Martin committed a "criminal act" by convincing, deceiving, and/or misleading him to plead guilty to a charge he did not commit. As this claim relates directly to the negotiation of the plea agreement, Kawzinski may pursue it despite the waiver outlined above. See *Mason,* 211 F.3d at 1069.

However, the Court not need delve too deeply into the matter because Kawzinski's claims are flatly contradicted by his testimony at the change of plea hearing. There, Kawzinski testified under oath that he is indeed guilty of Count 5 of the Superseding Indictment. Both Attorney Martin and the Court questioned

Kawzinski in detail about his actions with regard to Count 5, and Kawzinski, through his own testimony and affirmative responses, established the necessary elements of the charged offense. Furthermore, after listening to the Government set forth its evidence as to Count 5, the Court asked Kawzinski whether he "listen[ed] and [paid] close attention to the Government's summary of the facts constituting the crimes charged as to each of the counts that [he was] intending to plead guilty to." Kawzinski stated that he had and that there was no part of it that he disagreed with. Kawzinski had ample opportunity to inform the Court at the change of plea hearing if he was not guilty of Count 5 as he now claims, but he did not. Furthermore, as described in detail above, when asked whether anyone, including Attorney Martin, had attempted in any way to force him to plead guilty in this case, Kawzinski responded in the negative.

Thus, Kawzinski established at the change of plea hearing that he is guilty of Count 5 of the Superseding Indictment and that no one involuntarily forced him to plead guilty to that count. "Because of the great weight we place on these in-court statements, we credit them over [defendant's] later claims." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). The Court will not allow Kawzinski to rewrite history in order to undercut the provisions to which he willingly agreed. *Id.* (citing *United States v. Byrd*, 669 F. Supp. 861 (N.D. Ill. 1987)). See also *United*

*States v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008) (in the context of a defendant's attempt to withdraw his guilty plea, subsequent "bare protestations of innocence" that contradict his sworn testimony made during the plea hearing are insufficient to do so); *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000) (representations made by the defendant during a change of plea hearing are "entitled to a presumption of verity.").[8]  As such, Attorney Martin's assistance in advising Kawzinski with regard to Count 5 was neither ineffective nor a "criminal act" as Kawzinski repeatedly asserts throughout his reply brief, but rather competent representation and sound advice.

Also, as the Government points out, Kawzinski is not able to establish actual prejudice with regard to this claim.  To do so, Kawzinski must provide "probative, objective evidence" that he would not have pled guilty but for Attorney Martin's conduct; "[t]he mere allegation . . . that he would have insisted on going to trial is insufficient to establish prejudice." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (citations and

---

[8]  Furthermore, "[w]hen a district court conducts a Rule 11 colloquy, it is not putting on a show for the defendant, the public, or anybody else.  The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing.  Because the court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well. For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (internal quotation marks and citations omitted).

internal quotation marks omitted).

Here, Kawzinski does not assert that he is innocent of Counts
2, 3, 4, 7 or 8, counts to which he also pled guilty to; nor does
he allege that Attorney Martin inappropriately "convinced" him to
plead guilty to any of these particular counts. Ultimately, as
Kawzinski was sentenced to 36 months of imprisonment on each of
these counts -- and the terms of imprisonment were ordered to run
concurrently as to all counts -- he is not able to show that he was
prejudiced by pleading guilty to Count 5. In other words, he
cannot show that but for Attorney Martin's conduct, it is
reasonably probable that the results of the proceeding would have
been different. See *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir.
2009).

Kawzinski next contends that Attorney Martin was ineffective
because he "should have prevented the Appeal waiver from being in
[the] plea bargain if he was working for [Kawzinski] instead of the
prosecutor like he was." He asserts that the "inclusion of an
appeal waiver against [his] best interests and protections was
inappropriate and improper."

Kawzinski provides no evidence that Attorney Martin could have
"prevented" the appeal waiver from being part of the plea agreement
the Government ultimately offered to Kawzinski; indeed, there is no
suggestion in the record that the Government ever considered
offering him a plea agreement that did not contain a waiver. As

the Government correctly points out, it is under no obligation to offer a plea agreement at all, let alone one without an appellate waiver included as part of its terms.  See *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("no prosecutor is ever under any obligation to consider much less offer a plea bargain" and its completed negotiation is "beyond the control of [defense] counsel" alone).  The Court finds no reason to believe that "more effective" counsel would have been able to negotiate a plea agreement without a waiver in this case.  Although Kawzinski seems to repeatedly infer throughout his filings that appellate waivers are somehow sinister, they are, in fact, standard negotiation measures in the federal system, and defendants are free to accept or reject the terms offered.  Here, Kawzinski voluntarily chose to accept the terms of the plea agreement.[9]  While the plea agreement does include a waiver of Kawzinski's appellate rights, it also includes substantial benefits to Kawzinski, such as the Government's promise to request dismissal of Counts 1 and 6 (counts which provide for significant penalties).  Kawzinski "exchanged the right to appeal for prosecutorial concessions; he cannot have his cake and eat it too." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). Thus, Kawzinski has failed to show that Attorney Martin's representation fell below an objective standard of reasonableness

---

[9]  As noted above, the provisions of the waiver were discussed at length during the Rule 11 colloquy, and Kawzinski repeatedly assured the Court that he understood its terms and had no questions.

simply because the terms of the plea agreement contained an appellate waiver.

Kawzinski next claims that Attorney Martin was ineffective because he "should have withdrawn [him] from the plea bargain once he became aware [he] was facing incredible enhancements and then a doubling of the minimum sentencing guidelines." Kawzinski states that, several times after March 18, 2010, Attorney Martin told him that the Court had already accepted his plea of guilty and that the Court would not let Kawzinski withdraw it. Kawzinski asserts, however, that the plea was not accepted until September 9, 2010, and therefore, Attorney Martin should have withdrawn his plea once the Government's sentencing recommendations became known.

Kawzinski is mistaken on all accounts. First, the Court accepted Kawzinski's plea of guilty as to Counts 2, 3, 4, 5, 7 and 8 at the change of plea hearing in January of 2010. While the Court delayed its decision on acceptance/rejection of the plea *agreement* until the sentencing hearing on September 9, 2010, Kawzinski was adjudged guilty of the offenses to which he pled at the time of the change of plea hearing in January. Next, it was made clear (both by way of the Plea Agreement itself and at the change of plea hearing) that Kawzinski faced up to 5 years of imprisonment on each of the counts to which he was pleading guilty, for a total of "up to 30 years in jail . . . [and] up to 18 years of supervised release." When questioned under oath in open court

at the change of plea hearing as to whether he understood these maximum penalties, Kawzinski responded in the affirmative. Additionally, the Plea Agreement itself provides that both the Government and Kawzinski were free to argue their position to the Court regarding relevant conduct and an appropriate sentence. At the change of plea hearing, the Government reiterated its intent to seek an above guideline -- yet below the statutory maximum -- sentence based on Kawzinski's prior criminal history. Finally, the Court repeatedly advised Kawzinski throughout the change of plea hearing that it would be making the final sentencing determination and that neither the parties' recommendations nor the sentencing guidelines were binding upon the Court. Ultimately, the Court sentenced Kawzinski to concurrent terms of imprisonment of 36 months on each of Counts 2, 3, 4, 5, 7 and 8; this total sentence is far below the statutory maximum on any one particular count.

Based on these facts, even accepting Kawzinski's version of events as true, Kawzinski has not shown that Attorney Martin's representation fell below an objective standard of reasonableness. In fact, Attorney Martin was correct in advising his client that, without a strong showing of prejudice on other grounds, this Court would not have allowed him to withdraw his guilty plea subsequent to the change of plea hearing simply because the Government was going to recommend an above guideline sentence. Furthermore, Kawzinski has presented no evidence that, but for Attorney Martin's

conduct, the result of the proceedings would have been different. Assuming Kawzinski had moved to withdraw his plea based on the specific reasons stated in his motion, the Court would have denied that request absent a strong showing of prejudice on other grounds. Kawzinski has not presented any evidence or argument in his motion that would suggest such a showing. Thus, nothing in the record indicates that Kawzinski would have been sentenced differently or more favorably.

Finally, Kawzinski argues that Attorney Martin was ineffective because he did not "properly explain[]" the appeal waiver. As discussed above, this claim is contradicted by Kawzinski's own testimony at the change of plea hearing. When questioned in open court and under oath, Kawzinski agreed that he read the waiver provision prior to the hearing, had discussed it previously with his attorney, that he understood it, and that he agreed with it. Furthermore, the Court read and explained the waiver provision to Kawzinski in detail at the hearing itself, and Kawzinski then reconfirmed that he wanted the Court to approve it as part of his plea agreement. The Court is satisfied that Kawzinski was adequately informed of the terms of the waiver provision and that he knowingly and voluntarily entered into the plea agreement and waiver. As Kawzinski has presented no evidence to show why this Court should credit his current claims over his prior in-court statements, the Court refuses to do so. See *United States v.*

*Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999).

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Kawzinski has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

Subsequent Motion for Modification of Sentence

Kawzinski filed an additional motion for modification of his

sentence on October 28, 2011.[10]  In it, he does not cite to any law,
nor does he set forth his theory upon which modification of his
sentence would be appropriate.   He simply recites a list of
"errors" and asks the Court to clarify or modify the alleged
"incorrect" sentence.   For example, he requests that the Court
instruct the probation officer to "correct" the presentence
investigation report regarding several "disposition unknowns."  He
also requests that the Court "remove the 2 point gun enhancement so
that [he] can attend RDAP" and that the Court clarify its position
with regard to "After Care."  Kawzinski requests that the Court
"return [his] 2 points for acceptance of responsibility, and to
reduce [his] sentence accordingly."  He further asks the Court to
"remove and reduce the doubling of [his] sentences (sic) minimum
guidelines," to "remove the 6 point enhancement" based on the
"fraud charges," and to change his consecutive sentence to "run
concurrent for all matters."   He also asks for a "downward
departure" based on the "horriffic (sic) conditions" of the jails
in which he was housed.   On behalf of his son, he requests the
return of the seized guns, cases, and ammunition.   And finally,
Kawzinski asks the Court to "vacate all enhancements" and to
resentence him.

Assuming that Kawzinski's motion is intended to amend or
supplement his original section 2255 motion, he presents no

_____

[10] This motion is found at DE #75.

arguments that require the Court's consideration. As noted previously and repeatedly throughout this order, the Court has found that Kawzinski knowingly and intentionally waived his appellate rights (including his right to a collateral attack pursuant to section 2255), and none of the additional grounds presented in Kawzinski's "Motion for Modification of Sentence" relate even tangentially to the negotiation of the plea agreement or waiver. To the extent that Kawzinski is seeking a modification of his sentence on some other ground(s), "district judges have limited authority to alter sentences after their imposition," and Kawzinski provides no reference to any applicable authority under which the Court would be allowed to make such a modification. See *United States v. Smith*, 438 F.3d 796, 798-99 (7th Cir. 2006) ("[O]nce sentence has been imposed, neither the judge nor a parole board may make changes.") Thus, his requests are **DENIED**.


CONCLUSION

For the reasons set forth above, the motions (DE #69 & DE #75) are **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability.


DATED: October 25, 2012          /s/RUDY LOZANO, Judge
                                 **United States District Court**